IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| John David Scroggs, | ) | Case No. 8:24-cv-03341-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Palmetto Gourmet Foods, Inc., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the Court upon Defendant's motion for summary judgment. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to United States Magistrate Judge William S. Brown for pre-trial proceedings and a Report and Recommendation ("Report"). The Magistrate Judge issued a Report recommending that Defendant's motion be granted. ECF No. 91. Plaintiff filed objections to the Report, Defendant filed a reply, and Plaintiff filed a sur-reply.[1] ECF Nos. 95, 96, 101. Accordingly, this matter is ripe for review.

## APPLICABLE LAW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the

---

[1] Plaintiff attached exhibits and a "declaration of John David Scroggs authenticating Plaintiff's exhibits 1–4C" to the sur-reply. *See* ECF No. 101.

Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. See 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. See *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

## **ANALYSIS**

Upon review, the Court finds that the Magistrate Judge provided a thorough recitation of the relevant facts and applicable law, which the Court incorporates by reference. Briefly, Plaintiff brings claims for unlawful termination in violation of the Americans with Disabilities Act ("ADA"), failure to accommodate in violation of the ADA, retaliation in violation of the ADA, and a violation of the Family and Medical Leave Act ("FMLA"). Upon de novo review of the Report, the record, and the applicable law, and liberally construing Plaintiff's filings, the Court agrees with the recommendation of the Magistrate Judge.

### *Unlawful Termination and Failure to Accommodate*

As stated above, Plaintiff brings claims for unlawful termination and failure to accommodate in violation of the ADA. The Magistrate Judge determined that Plaintiff was not a qualified individual within the meaning of the ADA and, therefore, found that Defendant was entitled to summary judgment as to these claims. The Magistrate Judge

began by identifying the essential functions of Plaintiff's position, as a maintenance technician at a food manufacturing facility, and then determined whether he could perform those essential functions with his proposed accommodation. The Magistrate Judge determined that Plaintiff could not. In his objections, Plaintiff states that he has performed successfully in his position, that he was medically cleared to return to work, that the Equal Employment Opportunity Commission ("EEOC") found that he was qualified, that there is no evidence that his accommodations would pose a hardship to Defendant, that the Magistrate Judge misapplied the essential functions standard, that his history of absences established that attendance was not essential, that shared duties cannot be essential, that Defendant cannot make his position essential after the fact, and that there were no real concerns about safety. ECF Nos. 95, 101. Like the Magistrate Judge, the Court will begin by identifying the essential functions of Plaintiff's position.

As set forth in the Report, the parties agree that the following are essential functions of the maintenance technician position: 1) repairing dangerous machinery and electrical systems; 2) operating power tools and welding equipment; 3) getting the plant up and running in the morning and making sure that the machines stayed running and had minimum downtime in the event a machine went down; and 4) working at significant heights, which involved standing on scissor lifts, climbing ladders, and climbing stairs. The parties dispute whether regular and reliable attendance is an essential function of the position.

The factors to be considered when deciding whether a function is essential include the following: (1) the employer's judgment as to which functions are essential; (2) written

job descriptions prepared before advertising or interviewing applicants for the job; (3) the amount of time spent on the job performing the function; (4) the consequences of not requiring the incumbent to perform the function; (5) the terms of a collective bargaining agreement; (6) the work experience of past incumbents in the job; and (7) the current work experience of incumbents in similar jobs. 29 C.F.R. § 1630.2(n)(3)(i)-(vii).

Turning to the first factor, as noted by the Magistrate Judge, Defendant presented its attendance policy which requires prompt and regular attendance as well as declarations from Defendant's Human Resources Manager and Plaintiff's supervisor who both averred that prompt and regular attendance is an essential function for positions that are "process critical," including the maintenance technician position.[2]  ECF Nos. 64-1 at 4; 64-2 at 2–3.  As to the third factor, there is no evidence that any of Plaintiff's job functions could be performed in the absence of his attendance at work.  As to the fourth factor, Defendants presented evidence that Plaintiff's absence caused his co-workers to work additional shifts.  ECF Nos. 64-1at 5; 64-2 at 5.  In his objections, Plaintiff states that this evidence is insufficient and untrue.  Defendant provides sworn testimony in support of its argument and Plaintiff's conclusory allegations without more are insufficient to preclude a finding of summary judgment.  The parties have presented no evidence with respect to the remaining factors.[3]

---

[2] Plaintiff states that employers may not designate a position essential after an employee has been terminated.  ECF No. 95 at 4.  There is no evidence that such a retroactive designation occurred.

[3] Plaintiff also seems to take issue with this statement and states that he has provided medical records, work history, EEOC findings, doctor's release, and evidence

4

Thus, upon review, the factors support finding that regular and reliable attendance is an essential function of the maintenance technician job.

The Court next turns to whether Plaintiff could perform the essential functions of his position with his proposed accommodation. Plaintiff's physician stated that it was medically necessary for Plaintiff to be "absent from work on an intermittent basis including episodic flareups. Over the next 12 months, episodes of incapacity are estimated to occur 2 times per months and are likely to last approximately 2 days per episode." ECF No. 64-2 at 51. He further stated that "[r]amifications to job may include occasionally coming in late or missed work day." *Id.* at 52. It is clear that Plaintiff's proposed flexible work schedule would prevent him from regularly and reliably attending work; accordingly, he could not meet the essential functions of the position. In his objections, Plaintiff states that he was cleared by a medical professional;[4] however, the issue at hand is not whether he was cleared but whether the conditions imposed upon his return to work allow him to perform the essential functions of the job. Here, they do not. Plaintiff also attempts to differentiate this case from other cases where attendance has been deemed an essential function of the job. He contends that strict physical presence is inherently required for jobs like teaching but not for maintenance work. ECF No. 95 at 4. It is unclear why physical presence is not required to work on machines at the facility. Thus, upon review,

---

proving he could perform the job. ECF No. 95 at 2. These documents have no bearing on determining whether regular attendance is an essential function of the maintenance technician position.

[4] ECF Nos. 95 at 2; 101 at 4.

the Court agrees with the Magistrate Judge that there is no genuine issue of material fact remaining with respect to whether regular and reliable attendance was an essential function of the maintenance technician position and that Plaintiff could not have performed the essential function with his proposed accommodation.  Thus, Plaintiff is not a qualified individual under the ADA and summary judgment is appropriate with respect this first and second causes of action.[5]

*Retaliation*

Plaintiff also brings a claim for retaliation under the ADA.  The Magistrate Judge determined that Plaintiff failed to exhaust his administrative remedies as to this claim.  The Magistrate Judge found that Plaintiff did not file a Charge with the EEOC regarding retaliation and the EEOC did not investigate or attempt conciliation as to any claim for retaliation.  In his objections, Plaintiff argues that checking the retaliation box on the EEOC Charge is not required to exhaust administrative remedies where the claim is reasonably related to his claim for discrimination.  ECF Nos. 95 at 5; 101 at 4–5.  Here, as explained in more detail by the Magistrate Judge, there is no indication in his EEOC Charge that Plaintiff was pursuing a claim for retaliation.  *See* ECF No. 64-4.  Moreover, it is clear that the EEOC did not investigate such a claim.  ECF Nos. 64-6, 64-7.  Accordingly, the Court agrees that Plaintiff failed to exhaust his administrative remedies

---

[5] With respect to Plaintiff's arguments regarding the EEOC findings, the Court owes no deference to the EEOC's underlying factual determinations or conclusions as it reviews the action de novo. *See Laber v. Harvey*, 438 F.3d 404, 424 (4th Cir. 2006) ("We hold that, when a federal employee comes to court to challenge, in whole or in part, the administrative disposition of his or her discrimination claims, the court must consider those claims de novo, and is not bound by the results of the administrative process").

with respect to his retaliation claim and that summary judgment is appropriate. *See Cowgill v. First Data Techs., Inc.*, 41 F.4th 370, 384 (4th Cir. 2022) (holding that a retaliation claim was not exhausted where the plaintiff did not check the retaliation box on the charge or mention retaliation in the narrative; therefore, her retaliation claim was not "reasonably related to her EEOC charge such that it would have reasonably been expected to follow from an administrative investigation" of her discrimination claim)

**FMLA Claim**

The Magistrate Judge determined that it is unclear from the amended complaint which type of claim Plaintiff is bringing under FMLA. However, he further determined that it was immaterial because Plaintiff worked for Defendant for less than one year; accordingly, Plaintiff was not eligible for FMLA protections. In his objections, Plaintiff states that the Magistrate Judge failed to address his FMLA interference claim, which is legal error. ECF No. 95 at 5. He then proceeds to a brief discussion of the merits of this claim. *Id.* at 5–6. In his sur-reply, Plaintiff seems to assert that the requirement that he be employed for one year in order to qualify under FMLA only goes to his ability to take leave under FMLA, not his ability to bring a claim for interference under FMLA. ECF No. 101 at 5.

As explained at length by the Magistrate Judge, "to make out an FMLA interference claim, an employee must demonstrate (1) that he is entitled to an FMLA benefit; (2) that his employer interfered with the provision of that benefit; and (3) that the interference caused him harm." *Adkins v. CSX Transp., Inc.*, 70 F.4th 785, 796 (4th Cir. 2023) (citing *Adams v. Anne Arundel Cnty. Pub. Sch.*, 789 F.3d 422, 427 (4th Cir. 2015)). Under

7

FMLA, an "eligible employee" is one who has been employed for at least 12 months by the employer with respect to whom leave is requested and for at least 1,250 hours of service with such employer during the previous 12-month period. *See* 29 U.S.C. § 2611(2)(A)(i)-(ii).  It is undisputed that Plaintiff was employed by Defendant for less than one year.  Thus, Plaintiff may not bring a claim pursuant to FMLA; accordingly, summary judgment is appropriate.

## **CONCLUSION**

Based on the foregoing and upon review of the record, the applicable law, and the Report, the Court adopts the recommendation of the Magistrate Judge.  Defendant's Motion for Summary Judgment [64] is **GRANTED**.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

January 30, 2026
Spartanburg, South Carolina